CROCKER v. COLLINS.

STATE *EX REL.* BARTLESS v. TOWN COUNCIL OF BEAUFORT.

1. COSTS being given by statute, he who claims them must show a statutory right.

2. IBID.—TAXATION—CORRECTION.—The remedy for an erroneous taxation or adjustment of costs by a clerk of court is motion before the Circuit Court and not appeal, and for such motion the moving party is not entitled to the costs allowed on appeal to the Circuit Court from the judgment of an "inferior court or jurisdiction," as it is not "an appeal," nor was his adjustment a "judgment," nor is he an "inferior court or tribunal."

Before TOWNSEND, J., Beaufort, June, 1894.

These were two appeals, involving the sum of $11.15 each, in the cases of D. W. Crocker against J. W. Collins, as intendant, and others, and The State *ex rel.* W. H. Bartless *et al.*, against the town council of Beaufort. Plaintiffs appealed.

*Messrs. Elliott & Elliott*, for appellant.

*Mr. W. J. Verdier*, contra.

September 3, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. These two cases, involving the same question, were heard, and will be considered together. While the remarks which we shall make apparently apply to one case only for convenience sake, yet they are intended to apply to both, and the judgment rendered will be applicable to both cases. It appears that, after a final decision of these cases, the costs were taxed by the clerk, and appellants gave notice of exceptions to the clerk's taxation, and moved before the Circuit Court to correct the same, which motion was refused. "Thereupon respondents gave notice of the following taxation of costs in each case before the clerk," "on appeal to the Circuit Court," followed by a statement of the items claimed. This the clerk refused to do, "because there is no statute or rule authorizing the same, and I do not consider that I have any power to allow it." From this ruling of the

clerk the respondents gave notice of appeal upon the several grounds set out in the "Case," which it is unnecessary to state here, as, in our view, but a single question, which will be presently stated, is involved. This so-called appeal was heard by his honor, Judge Townsend, who granted an order overruling the decision of the clerk, and directing that officer to proceed to tax the costs as claimed, except two specified items. From this order the plaintiffs appeal, upon the ground set out in the record, which really make the single question, whether there is any provision for the cost of what is called (improperly, as we shall see,) an appeal from the action of the clerk in taxing or, to use the statutory term, "adjusting" the costs in an action.

It is too well settled to need the citation of any authority, that one who claims costs must be able to point to the statute allowing the coats claimed, as the right to costs is of purely statutory origin. The respondents appear to base their claim for costs upon the provisions of section 358 of the Code, which provides for an appeal from a judgment rendered by a trial justice, by the county commissioners or any other inferior court of jurisdiction, and upon the provisions of section 373 of the Code, which allows costs to the prevailing party, in judgments rendered on appeal, in all cases, with certain specified exceptions not pertinent to the present inquiry. It is very obvious that the claim of respondents rests upon the assumption that an application to the Circuit Court to correct any errors in the adjustment of costs by the clerk, is an *appeal*, in the sense of that term as used in the Code, and that it is an appeal from a *judgment* rendered by a trial justice, by the county commissioners or any other inferior court or jurisdiction. There is no warrant for any such assumption. There is no provision by statute or otherwise for an *appeal* from the action of the clerk in adjusting the costs of an action.

As was said by O'Neall, J., in *Bogan* v. *White*, Dudley, at page 317–318: "I am satisfied that, in strictness, there is no such a thing as an appeal from the clerk's taxation of costs. He is merely a ministerial officer, exercising no judicial power. It is true, he decides, but it is not as a judge; it is as the mere

agent of the court. He ascertains the fact of the cost incurred and makes out a bill, which is for the examination of the parties. If they are satisfied with it, there is an end of the matter; but if either is dissatisfied with it, he has the right to ask the court to review and correct it." Accordingly, it was held that the Circuit Judge had erred in regarding an application to the court to review the action of the clerk in taxing the costs as an *appeal*, and dismissing the same, because not taken within the time prescribed for taking an appeal. This view of the matter has been recognized in the following cases: *Bradley* v. *Rodelsperger*, 6 S. C., 290; *Dilling, Baker & Co.* v. *Foster*, 21 *Id.*, 340; and *Cooke* v. *Poole*, 26 *Id.*, 326.

It is true, that in the case of *Williams* v. *Jones*, 2 Hill, at page 556, it is said, in speaking of the taxation of costs by the clerk: "In taxing costs, he exercises judicial power, and an appeal lies from his judgment to the Circuit Court;" but that remark was a mere *dictum*, not necessary to the point raised in that case, as the only question there was as to the right of the parties to have notice of the taxation by the clerk; and it does not appear from the report of the case whether the question was brought up by appeal or by motion to correct the taxation of costs by the clerk. At all events, since the subsequent case of *Bogan* v. *White, supra*, and the other cases which we have cited, recognizing as the correct practice motion and not appeal, this *dictum* in *Williams* v. *Jones, supra*, cannot now be recognized as law. It may be also true that there are loose expressions in some of the cases characterizing a proceeding to correct the adjustment of costs by the clerk as an *appeal*, but there is no case, so far as we are informed, which *decides* that the errors of the clerk in adjusting the costs of a case can be corrected by *appeal;* but, on the contrary, the cases first above cited shows that the proper practice to correct such errors is by motion and not by appeal.

But, in addition to this, the Code allows costs on appeal from the *judgment* of a trial justice, or any other inferior court or jurisdiction; and we do not think that the action of the clerk in adjusting the costs of a case, can, in any proper sense of the term, be regarded as a judgment. He simply, as the agent of

the court, ascertains the amount to be inserted in the judgment rendered by the court, and cannot be said to render any judgment himself, from which an appeal can be taken. The action of the clerk in ascertaining and adjusting the amount of the costs to be inserted in the judgment rendered by the court, may be regarded as analogous to the action of that officer, under the former practice in assessing the damages under a judgment by default, and any error committed by the clerk in performing that duty was corrected by motion and not by appeal. See *Ashmore* v. *Charles*, 14 Rich., 63. Again, the Code provides for an appeal from a judgment rendered ·by a trial justice, by the county commissioners or any other inferior court or jurisdiction; and we do not think that the clerk falls within any of these classifications.

The judgment of this court is, that the order appealed from be reversed, and the action of the clerk in refusing to tax the costs in these cases be affirmed.